## Bradley v. Commonwealth.

(Decided June 23, 1922.)

### Appeal from Boyd Circuit Court

1. Criminal Law—Argument of Counsel—Waiver.—Whether an error growing out of prejudicial and irrelevant remarks of counsel in his opening statement to the jury is waived by failing to procure a ruling of the court on objections thereto (as is true with reference to incompetent testimony) need not be determined in this case, since the defendant who objected to the remarks introduced at the trial practically all the testimony sustaining them and can not therefore be heard to complain of their impropriety.

2. Burglary—Evidence.—It is also unnecessary to determine whether a clerk or a bookkeeper who possessed keys to the building alleged to have been feloniously broken into and who entered the building with the keys after business hours and took therefrom property of value which belonged to another, is or not guilty because his possession of the keys was with the consent of the owner of the building, or rendering the entry lawful and not felonious, since there is abundant evidence to show that the entry was effected by forcibly breaking the doors and not with the use of the keys.

3. Burglary—Elements of Crime.—While one may not be guilty of burglary or housebreaking if the entry was made exclusively with

the intent and purpose of procuring his property which was in the building and upon which the owner of it had no lien or other interest, yet if other property not belonging to the entrant was taken therefrom and appropriated by him with the intent to convert it to his own use and to deprive the owner of it, the crime is committed.

4. Burglary—Housebreaking—Evidence.—In this case the defendant claimed to be the bookkeeper of the owner of a tin shop in the rear of which was a room equipped for dwelling purposes. The defendant had keys to the building as well as to the dwelling room, in the latter of which was stored some of her property. About dark and after business hours the glass in the outer door was broken and there was evidence that the lock on the door to the dwelling apartment had also been broken and defendant was found in the house from which she had taken not only her own goods but other articles not belonging to her, some of which according to the testimony, she denied having taken but which were never recovered. Held that the verdict convicting her of the statutory offense of housebreaking is supported by the evidence, and the court did not err in refusing to instruct the jury to acquit her.

5. Burglary—Housebreaking—Instructions.—The statutory offense of housebreaking, as denounced by section 1162 of the statutes, is closely related to the common law offense of burglary and is a degree of the latter offense. It was therefore proper for the court to instruct the jury upon and for it to convict the defendant of the statutory offense in her trial on an indictment charging her with burglary only.

WAUGH & HOWERTON for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Nellie Bradley, was indicted by the grand jury of Boyd county for burglarizing the dwelling house of John Harvey in Ashland, Kentucky, with the intent to commit the crime of grand larceny, and upon her trial she was convicted of the statutory offense of housebreaking, as denounced by section 1162 of the Kentucky Statutes, which is of a similar nature and a degree of the common law offense of burglary and of which defendant may be convicted under a burglary charge as was held by this court in the case of Commonwealth v. Hurd, 109 Ky. 8, and which is also authorized by sections 262 and 263 of the Criminal Code of Practice. Her punishment was fixed at confinement in the penitentiary for two

years, and the court declining to grant her motion for a new trial she has appealed.

The grounds argued on the appeal for reversal are: (1), improper remarks of the Commonwealth's attorney in his opening statement to the jury; (2), the refusal of the court to sustain defendant's motion for a peremptory instruction to acquit her and (3), failure of the court to instruct the jury upon the whole law of the case.

The remarks of counsel in his opening statement to the jury and which it is urged furnishes sufficient support for ground (1) were: ''We will prove that the defendant broke up the home of the prosecuting witness, Mrs. John W. Harvey, and caused John Harvey to leave his home, his wife and his two daughters, and caused Mrs. Harvey to leave her home and stay away for some considerable time, and we will prove that they pursued Mrs. Harvey by telephone calls and by letters and by other means—after her return, the same day or next day the defendant began to call her over the telephone and to call John—call at late hours of the night trying to get John to come to her. John would not go for a day or two but finally he drifted back and since that time —right up to this very hour have pursued this good woman.'' But the bill of exceptions shows that the objection of defendant's counsel thereto was not acted on, and we have often held that without a ruling of the court thereon similar objections will be deemed as waived and the alleged error will be treated on appeal as though no objection was taken to it. One of the latest cases in, which this question of practice was dealt with is that of Tolly v. Champion, 191 Ky. 114, and in the opinion many other cases from this court are referred to. In those cases the error complained of related to the admission of incompetent testimony, and, whether the one here should be similarly classed and treated by this court, and governed by the same rule of appellate practice is not necessary to be determined in this case, since practically all the evidence bearing upon the facts contained in the statement was introduced by appellant and not by the Commonwealth. Moreover, it is not entirely clear but that under the peculiar facts of this case the statements were competent as showing motive and intent on the part of the appellant and we are, therefore, disinclined to reverse the judgment for this alleged error; but, in arriving at that conclusion we would not be understood as en-

dorsing such statements in cases where their irrelevancy was clearly shown.

In disposing of the other grounds, (2) and (3), a statement of the facts is necessary, and since they are each based upon the facts we will dispose of them together. John Harvey was married and his family consisted of his wife and two girls, one 16 and the other 12 years of age. He ran a tin shop in Ashland and sold other kinds of roofing. Some eighteen months before the commission of the crime with which appellant is charged he, as they both claim, employed her to do his bookkeeping, which was done, as they each testified, by her visiting the shop some two or three times per week and posting his books. Their conduct appears to have been such that after a little while appellant's husband left her and moved to Middletown, Ohio, and Mrs. Havrey and her two daughters left her husband and moved to Ironton, Ohio, but the bookkeeping was still kept up in the manner indicated. After Harvey's wife left him he fixed up some kind of back room to his shop in which he put a bed and arranged for light cooking and which he occupied most of the time, while his residence in a different part of the town, which he and his family occupied, remained closed. On January 7, 1922, which was on Saturday, Mrs. Harvey and her two daughters returned to Ashland and they were met at the train by the husband, and rooms were procured for the two daughters at a hotel while Mr. and Mrs. Harvey went to occupy the room in the shop. Late in the afternoon of the next day, which was on Sunday, appellant telephoned to the shop and Mrs. Harvey answered, and she was informed by appellant that the latter was coming there to get some articles that belonged to her, but she was warned not to do so by Mrs. Harvey. Directly afterwards the Harvey family went to a restaurant for their evening meal and after it was quite dark they received a message that the shop had been broken into. Investigation showed that the upper part of the outer door, which was glass, was smashed and broken and that the Yale lock on the door leading to the other room bore indications of having been hammered and likewise broken. A witness living immediately adjoining the shop heard the breaking of the glass and went to her front door and heard some one in the shop. A policeman arrived and found appellant therein and she stated that she had sent away in an automobile a grip

containing a blanket, which she claimed to have drawn as a prize at a street carnival and had taken it to the shop for safekeeping, she at the time living at Huntington, W. Va. She had in her possession, when the policeman arrived, a basket containing some few articles and a pillow or cushion which she claimed was hers. The policeman also found the clothing of Mrs. Harvey and her two daughters torn to pieces and scattered over the floor. The grip or suit case which had been sent away in the automobile belonged to Mrs. Harvey, according to her testimony, and it at least contained her clothing, but according to Mr. Harvey it belonged to him. At any rate appellant did not pretend that it belonged to her. Mrs. Harvey and her daughters testified that the grip contained, besides clothing, jewelry of the value of something like $75.00, and $20.00 in money, none of which was ever returned or offered to be returned, but the grip was delivered to one whom Mrs. Harvey sent for it and appellant and Mr. Harvey testified that the former paid to the latter $110.00 as compensation for tearing up the clothing, and, as appellant claimed, upon condition that she would not be prosecuted for the offense she had committed; but Mrs. Harvey stated that she had never received any part of that money although her husband, who manifested great interest in the defense, testified that he had paid it to her in installments of $60.00 at one time and $50.00 at another, but just why he divided the payments into installments is not explained by him. Appellant and Mr. Harvey both testified that she had keys for both the outer and inner doors and that she had his consent to enter the building or any room therein at any time to perform her duties as bookkeeper. However, the keys were not exhibited or offered to be exhibited by her at the trial.

Other circumstances of a more or less guilty nature appear in the record but we do not deem it necessary to rehearse them, since what has been stated is clearly sufficient to show that the court did not err in refusing to give the peremptory instruction asked for, and ground (2) is therefore without merit. In an effort to sustain that ground counsel indulges in much argument and cites many cases to show that the breaking into the house essential to constitute the offense is wanting and that the intent with which the house was entered was not felonious, but with the consent of the owner, Mr. Harvey, who furnished appellant with keys with which the entry could

be made. Answering that argument it might be said that it is doubtful, even if it was proven that the entry in this case was made with the keys, that it would be a non-felonious one, since they were given to appellant, according to the testimony, not for the purpose of committing burglary or housebreaking, but to enable her to perform her duties as bookeeper. The doubt herein expressed is furnished some support by the case of Young v. Commonwealth, 126 Ky. 424, 31 Ky. L. R. 842, 128 Am. St. Rep. 326, and notes to the case of State v. Vierck, 139 Am. St. Rep. 1030. But, we need not determine that question under the facts in this case, for, as we have seen, the glass to the front door was broken and there was evidence that the lock to the inner door was smashed and perhaps also broken, which furnished abundant evidence to authorize the jury to find as a fact that the entry was not made with the keys but by force.

The complaint made under ground (3) is that it was the duty of the court to instruct the jury that if the entry into the house or the back room therein was made with the keys, which had been furnished to appellant, and not by her unlawfully breaking the doors or either of them, then she was not guilty and the jury should acquit her. Instruction No. 1 properly submitted the guilt or innocence of the appellant of the crime of burglary and also properly defined the words "feloniously," "felonious," "breaking" and "grand larceny." Instruction number 2 submitted the guilt or innocence of appellant of housebreaking and number 3 was the reasonable doubt instruction. The definitions given by the court, and of which no complaint is made, properly defined the character of breaking which the jury must believe before it could find appellant guilty of either burglary or housebreaking, and necessarily if the jury had concluded that the entry was made by using the keys it would be a different kind of entry from the guilty ones contained in the definition; and in that event the jury under the instruction could do nothing but find the defendant not guilty, since her entry into the house or back room in that case would not be accomplished through any of the defined methods of breaking, some one or more of which the jury were compelled to believe beyond a reasonable doubt before it could convict; and necessarily an entry accomplished in any other manner would not be a criminal one and would entitle appellant to acquittal. The instructions are subject to no other analysis and when so

done we are unable to see wherein it was necessary for the court to give the concrete instruction contended for, or that it was error not to do so.

Finding no error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.